# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL MUCHNICKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1-13-CV-01304-TWT |
| ) | |
| WINDSOR MANAGEMENT SERVICES, ) | |
| INC. and MUNICH REINSURANCE ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## SPECIAL MASTER'S REPORT AND RECOMMENDAION

The parties have presented to the Special Master, who was appointed pursuant to this Court's January 17, 2014 Order, a series of discovery disputes for resolution which are addressed herein.

In the initial telephonic hearing with the Special Master, the parties outlined in general terms the discovery matters then in dispute.  At the request of the Defendant, the parties were given until February 10, 2014 to meet and confer in an effort voluntarily to resolve their various discovery differences.  The parties were also directed to provide the Special Master with a specific list of disputed matters so that on February 10, 2014 a second telephonic conference could be held to address those matters that had not been voluntarily resolved.

On February 10, 2014, a telephonic conference commenced at 3:30 p.m. E.S.T.  In attendance on the call were Jason Alloy and Rachel Gage as counsel for the Plaintiff and Michael Slocum and Jason Kislin for the Defendants.

At the outset the parties reported that during the meet and confer period they had not been able to resolve *any* of their discovery disputes.  They had, however, agreed to a February 12, 2013 date for the third-party deposition of Warburg Pincus, LLC, and a March 12, 2014 date for the deposition of another third-party, Touchstone Health HMO, Inc.

Having considered the moving and opposing papers of the parties, as well as their oral arguments at the February 10, 2014 telephonic hearing, the Special Master hereby recommends as follows:

1.      Defendants' Document Production.  Plaintiff is seeking production of all documents relating to the sale of Defendant Windsor Management Services, Inc. ("Windsor") to WellCare Health Plans, Inc. ("WellCare").  Such request is excessively broad and burdensome.  However, Defendant Windsor is ordered to produce to Plaintiff by February 26, 2014 documents that identify the full contract purchase price for the sale of Windsor to WellCare.  If requested by Defendant, prior to such production the parties shall enter into an appropriate confidentiality agreement relative to such production.

In addition, Windsor shall produce to Plaintiff by February 26, 2014 all documents that identify or reasonably relate to the asserted mismanagement of the Plaintiff while serving as Windsor's CEO, as alleged in its Counterclaim; as well as all documents reflecting damages or other losses purportedly caused by Plaintiff's alleged mismanagement.

2.      Interrogatories.  By February 26, 2014; Defendant shall identify by name and job title all persons who had any material input into Windsor's decisions: (1) to terminate Plaintiff

without cause; and (2) later to terminate Plaintiff with cause.  In this context, "material input" shall mean having had any substantive, as opposed to only administrative, involvement in such decision-making processes.

3.  Privilege Log.  Defendants have represented that they are supplementing their original privilege log.  That supplemental log, which is to fully comply with F.R.C.P. 26 (b)(5)(A)(ii), shall be provided to Plaintiff by February 26, 2014.  All objections or other issues Plaintiff has with such supplemental privilege log shall be made in writing to Defendant by March 3, 2014, with a copy of the supplemental log and any such objections being provided to the Special Master.

4.  Plaintiff's Discovery Responses.  Defendant has questioned the accuracy of Plaintiff's response to its Document Request No. 73, which concerns Plaintiff's employment-related communications with certain third parties.  In that regard, Defense counsel sent to Plaintiff's counsel a letter dated February 6, 2014, in which it posed several questions/interrogatories relative to Plaintiff's written communications with Warburg Pincus, LLC.  Plaintiff shall fully answer in writing the following inquiries by February 26, 2014:

(1)  Identify all email communications between Plaintiff and Warburg Pincus via Plaintiff's gmail.com account.

(2)  In the event Plaintiff contends that such documents no longer exist or he no longer has access to them, describe the documents that Plaintiff claims no longer exist or to which he no longer has access.

(3)  As to each such document, state whether the document has been destroyed.

(4)  As to each destroyed document, state the date of destruction and the reason the document was destroyed.

(5)  As to any document to which Plaintiff no longer has access, state the reason Plaintiff no longer has access to the document.

5.      Depositions.  The parties have been unable to agree upon a schedule for the taking

of nine depositions (one by Defendants and eight by Plaintiff).  The procedure the parties shall

follow in setting and taking those depositions is as follows:

A.      The Defendant may take the deposition of Plaintiff for up to two (2)

consecutive days (a total of 14 hours), as the first party deponent in this matter.

Plaintiff's counsel shall by February 26, 2014 advise defense counsel of which days

during the period of March 13 to March 21 (excluding weekend days) that Plaintiff will

be made available in Atlanta, Georgia for his deposition, and defense counsel shall by

March 3, 2014 set the two consecutive (2) days within such period for Plaintiff's

deposition.  For very good cause shown, the 14 total hours available for such deposition

may be extended.

B.      Defendants shall by no later than February 26, 2014 advise Plaintiff of

three (3) potential dates following Plaintiff's deposition for each of the eight (8)

deponents (subject to the Defendants' having control over all eight of the deponents as

noted below) which will be made available for their respective depositions.  Plaintiff shall

provide Defense counsel with the schedule for the eight depositions by March 10.  It is

understood that there may be at least two of the eight deponents sought to be deposed by

Plaintiff that are not "controlled" by Defendants.  If Defendants contend that they are not

able to produce any one or more of such deponents, then by February 26, 2014 they shall

so advise Plaintiff's counsel.

The Plaintiff shall have up to eight (8) hours to depose each of the two (30(b)(6)

deponents, and up to seven (7) hours for the other deponents.  For very good cause

shown, the time periods available for such depositions may be extended.

      6.      <u>Miscellaneous</u>.  At the conclusion of the telephonic hearing, Plaintiff's counsel stated that despite not specifically identifying the issue in the papers sent to the Special Master before the February 10 conference, he was seeking a ruling relative to Document Production Requests No. 52, 53 and 54.  To the extent Plaintiff is still seeking a ruling on such Requests, then he is to send the Special Master by February 26 a short letter (via email) outlining his contentions relative to such Requests, with a copy to Defense Counsel who shall respond via email letter to the Special Master by March 3, 2014.  The Special Master will promptly thereafter rule on such matters.

      7.      <u>Discovery Cut-Off</u>.  The discovery cut-off in this case shall be extended through May 12, 2014.

This 21st day of February, 2014.

*Hunter R. Hughes*

Hunter R. Hughes
Special Master Pursuant to the Court's
January 17, 2014 Order

846758.1
2/16/14 7:21 PM

5