UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL MUCHNICKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WINDSOR MANAGEMENT SERVICES, ) <br> INC. and MUNICH REINSURANCE ) <br> AMERICA, INC., ) <br> ) <br> Defendants. ) <br> ) | Case No. 1-13-CV-01304-TWT |

## SPECIAL MASTER'S DISCOVERY REPORT AND RECOMMENDATION

The Plaintiff has moved for an order compelling Defendants production of documents relative to Plaintiff's Document Request Nos. 40-42.

Plaintiff's Request No. 40 seeks a copy of Plaintiff's successor's employment agreement and all documents relating to when it was procured. Plaintiff contends that such documents are relevant in that he "has reason to believe that Defendants negotiated … [that] agreement before [Plaintiff] was terminated without cause (July 2012) … because they wanted to go 'in another direction' and not due to any misconduct [of Mr. Muchnicki]."

Defendants respond by contending that there is nothing in the successor CEO's employment documents that speaks to the Defendants' motivation or reasons for changing the basis for Plaintiff's termination and that the timing of the procurement of his employment agreement is of no relevance. They further note that prior to his leaving his CEO position, Plaintiff was involved in the initial negotiations of his successor's employment agreement and has possession of several drafts of that employment agreement.

The basis asserted by Plaintiff for compelling the production of such documents is insufficient to support his request. The timing of the negotiations of the new CEO's employment agreement has no demonstrated bearing on the *bona fides* of the reasons of articulated by Defendants for their changing Plaintiff's termination to one "for cause." When those negotiations for a replacement CEO occurred – whether before or after July 2012 – could speak to when the decision was made to terminate Plaintiff, but there is no reason to believe they will shed light on the reasons why Defendants, several months after notifying Plaintiff that he was being terminated "without cause," changed the termination to one "for cause."

The propriety of the decision to terminate Plaintiff is not at issue; the core issue is whether the reasons/justifications asserted by Defendants' for changing their position are pretextual (i.e. sufficient to support a "for cause" termination)

and the documents sought in Request No. 40 have not been shown to address that issue. Accordingly, having not demonstrated the relevance for discovery purposes of the documents sought in Request No. 40, Plaintiff's motion to compel is **DENIED**.

Plaintiff also seeks to compel the production of certain Committee and Board Minutes sought in his Request Nos. 41 and 42. Defendants have unequivocally represented to the Special Master that they have already produced **all** documents in their possession, custody, or control that are responsive to such Requests Nos. 41 and 42. Absent Plaintiff's having some basis to challenge the veracity of Defendants' assertions in that regard, Plaintiff's motion relative to his Request Nos. 41 and 42 cannot be granted.

This 4th day of April, 2014.

*Hunter R. Hughes*
Hunter R. Hughes
Special Master Pursuant to the Court's
January 17, 2014 Order

850275.4