UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL MUCHNICKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1-13-CV-01304-TWT |
| ) | |
| WINDSOR MANAGEMENT SERVICES, ) | |
| INC. and MUNICH REINSURANCE ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

SPECIAL MASTER'S REPORT AND RECOMMENDATION RELATIVE TO
PLACE FOR TAKING DEPOSITION OF 30(b)(6) WITNESSES

The latest round of wrangling by the parties concerns the location of the deposition of Defendant Munich Reinsurance America, Inc.'s ("Munich") designated 30(b)(6) witness, Mr. Simson. Mr. Simson presently resides in Germany. Plaintiff has now decided that he requires Mr. Simson to be deposed in person at Munich's principal place of business in New Jersey. (Plaintiff also offers up Atlanta, Georgia as an alternative venue.) In support of his position, Plaintiff cites to the well-established presumption that the 30(b)(6) deposition of a corporation should ordinarily be taken at its principal place of business. See

*Wright and Miller*, Vol. 8A at §2112.  Plaintiff has agreed to take two other Munich witness depositions residing in Germany by video-conferencing, but rejects that approach for Mr. Simson arguing that his testimony is critical in the case and thus needs to be taken in person.  Plaintiff identifies no specific hardship as to his deposing Mr. Simson in Germany – whether as to travel time, expenses, or otherwise.  Indeed, at one point, Plaintiff's counsel indicated that they were willing to travel to Germany for one or more depositions that would include the taking of Mr. Simson's deposition there.

In response, Defendant acknowledges the presumption relative to a 30(b)(6) witness being deposed at the Defendant's principal place of business, but notes that in various cases courts have rejected the presumption where good cause to do so has been shown.  However, in this case Munich has not made a showing sufficient to overcome this presumption by demonstrating that there exists good cause to require Plaintiff's counsel to go to Germany to depose Mr. Simson.  It makes no argument, for example, that either the expenses of Mr. Simson's flight from Germany to New Jersey would cause any burden on Munich, or that the travel to New Jersey would disrupt either Mr. Simson's business or personal life.  It has offered Plaintiff's counsel the opportunity to take the deposition by video of all three Munich witnesses residing in Germany, or to make them available for in-person depositions in Germany.  But these two alternatives do not speak to any

hardship to Mr. Simson or Munich and are otherwise insufficient to overcome the presumption.

    That being said, Plaintiff's counsel is instructed to work with Defense counsel to find a date for the deposition that is least inconvenient for Mr. Simson's travel to Munich's offices in New Jersey (or Atlanta, if that is preferred by Munich).  If the May 12, 2014 discovery deadline needs to be extended for up to two (2) weeks, solely for the purpose of the taking of Mr. Simson's deposition, the Special Master will make such a recommendation.  Thus, the parties may, if necessary, have up to approximately a month and a half to take this deposition of Mr. Simson, and that should be more than sufficient to accommodate any possible scheduling issue Mr. Simson may have.

    This 10th day of April, 2014.

*Hunter R. Hughes*
Hunter R. Hughes
Special Master Pursuant to the Court's
January 17, 2014 Order

850573.1